

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 19, 1971

Mr. Donald C. Klein, P. E.                    Opinion No. M- 816
Executive Director
Texas State Board of Registration       Re:  Authority of Board
  for Professional Engineers                  under Article 3271a,
Room 200, 1400 Congress                       V.C.S., to require
Austin, Texas 78701                           written examination
                                              of all applicants
Dear Mr. Klein:                               for license.

        Your recent letter requested the opinion of this
department on the authority of the Board under Article 3271a,
Vernon's Civil Statutes, to require a written examination of
all applicants for a license as a professional engineer.

        You submitted a copy of a proposed rule which would
require such an examination and also a very able brief on the
question.

        After a careful review of the pertinent sections of
Article 3271a, Vernon's Civil Statutes, and of language found
in recent Texas cases on the subject of authority of admini-
strative agencies to make rules, we are of the opinion that the
Texas State Board of Registration for Professional Engineers
does not have the authority to require by administrative rule
a written examination of all applicants for a license as a
professional engineer.

        Subsections (a) and (b) of Article 3271a, read as
follows:

        "Sec. 12.  The following shall be considered
    as minimum evidence satisfactory to the Board that
    the applicant is qualified for registration as a
    professional engineer, to-wit:

                            -3954-

(a) Graduation from an approved course in engineering of four (4) years or more in a recognized school or college approved by the Board as of satisfactory standing, and a specific record of an additional four (4) years or more of active practice in engineering work, of a character satisfactory to the Board, indicating that the applicant is competent to be placed in responsible charge of such work; or

(b) Successfully passing a written, or written and oral, examination designed to show knowledge and skill approximating that attained through graduation from an approved four (4) years engineering course; and a specific record of at least eight (8) years of active practice in engineering work of a character satisfactory to the Board and indicating that the applicant is competent to be placed in responsible charge of such work."

Subsection (g) of Article 3271a reads as follows:

"(g) Any person having the necessary qualifications prescribed in this Act to entitle him to registration shall be eligible for such registration though he may not be practicing at the time of making his application."

Section 8 of the article reads, in part, as follows:

"The Board shall have the authority and power to make and enforce all rules and regulations necessary for the performance of its duties, to establish standards of conduct and ethics for engineers in keeping with the purposes and intent of this Act or to insure strict compliance with and enforcement of this Act . . ."

The thrust of opinions we have examined appears to be (1) that authority to make a particular rule must be found in the statute governing the agency, (2) that the rule must not be inconsistent with the statute, and (3) that the rule must be referable to and consistent with one or more specific provisions of the statute.

In <u>Gerst v. Oak Cliff Savings and Loan Association</u>, 432 S.W.2d 703 (Tex.Sup. 1968) the court said:

"In exercising the powers and broad authority granted by the Legislature, the only requirement is that rules and regulations must be <u>consistent</u> with the Constitution and Statutes of this State. <u>Kee v. Baber</u>, 157 Tex. 387, 303 S.W. 2d 376 (1957). In <u>Kee</u>, we said:

' * * * * * * The determining factor in this and other decisions of our courts dealing with the question of whether or not a particular administrative agency has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the Act involved. In <u>Texas State Board of Examiners in Optometry v. Carp</u>, 412 S.W.2d 307 (Tex.Sup. 1967), we held that the Rule's provision were in harmony with the general objectives of the Act and <u>referable to</u> and <u>consistent with</u> one or more of its <u>specific</u> proscriptions.'" (Emphasis supplied.)

Section 8 of Article 3271a, Vernon's Civil Statutes, gives the Board the power to make rules necessary to, in substance, do <u>only</u> the following:

(1) enable the Board to carry out its duties;

(2) establish standards of conduct and ethics, and

(3) insure strict compliance with and enforce-
ment of the Act.

There is no provision in Article 3271a that would give
the Board authority to enlarge on or make more restrictive the
provisions of the statute governing requirements for a license.

In considering the rule now proposed by the Engineer's
Board, we are of the opinion that the rule is inconsistent with
the statute for the reason that it imposes a requirement on
every applicant for a license that the Legislature did not
choose to impose on every applicant. The Legislature in pro-
viding subsections (a) and (b) of Section 12 clearly wrote in
the disjunctive. Subsection (b) applies only if the applicant
does not qualify under (a). Further, the language of Sub-
section (g) clearly imposes on the Board a mandate to register
an applicant who has the necessary qualifications prescribed
in the Act, which of course includes Subsection 12(a), where
no requirement of an examination is made.

We are also of the opinion that the rule proposed
by the Board does not meet the test of being referable to and
consistent with one or more specific provisions of Article
3271a. See Texas State Board v. Carp, 412 S.W.2d 307 (Tex.
Sup. 1967).

Neither this department nor the State Board of Regis-
tration for Professional Engineers may enlarge or in any way
modify the statutory requirements as laid down by the Legisla-
ture. Attorney General's Opinion No. M-30 (1967). This was
discussed in Railroad Commission v. Ft. Worth & D.C.R.R.Co.,
161 S.W.2d 560 (Tex.Civ.App. 1942, err. ref. w.o.m.), where
the court held:

"It is also true that though such statutes
and orders will be liberally construed to carry
out the intent of the legislature, the Commission
can exercise only the powers expressly delegated
to it by law, or necessarily implied from those
so delegated; and cannot enlarge such delegated
powers by its own orders." (citing authorities)

Only under the licensing procedure provided in Subsection 12(b) may the Board impose the requirement of a written examination, and then conditioned that the Board makes no requirement that is unreasonable, arbitrary, or capricious.

In Attorney General's Opinion No. M-609-A (1970), this office considered the rule-making power of the State Health Department under Article 4590b, and wrote as follows:

"However, the statute does not authorize the issuance of rules and regulations which are in excess of or inconsistent with the statutory provisions; nor may such an administrative body impose any additional burdens, conditions, or restrictions in that regard. Kelly v. Industrial Accident Board, 350 S.W.2d 874 (Tex.Civ.App. 1962, error ref.). Such regulations or rules cannot be used in construing the law so as to give it a higher mandate than that of the statute. Bailey v. Texas Indemnity Insurance Co., 14 S.W.2d 798, 802 (Tex.Civ.App. 1929)."

For the reasons discussed above, we are of the opinion that the State Board of Registration for Professional Engineers does not have the authority to make and enforce a rule requiring every applicant for a license as a professional engineer to take a written examination.

## S U M M A R Y

Under the provisions of Article 3271a, V.C.S., the State Board of Registration for Professional Engineers does not have the authority to make and enforce a rule requiring every applicant for a license as a professional engineer to take a written examination.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By NOLA WHITE
First Assistant

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bob Lemens
Melvin Corley
Bob Lattimore
Jerry Roberts

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant